# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DURON COCKRELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:17 CV 1786 DDN |
| DEAN MINOR, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER DENYING MOTIONS
## TO COMPEL DISCOVERY AND APPOINT EXPERT WITNESSES

This matter is before the Court on petitioner's motions to compel discovery and appoint expert witnesses. (Docs. 21 and 22). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner Duron Cockrell, a Missouri state inmate, commenced this action on June 21, 2017, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He was convicted in the Circuit Court of the City of St. Louis of attempted statutory rape and statutory sodomy in the first degree. He received concurrent sentences of 10 years and 18 years imprisonment, respectively. (Doc. 23, Ex. 2 at 10). For the reasons discussed below, petitioner's pending motions are denied without prejudice, subject to reconsideration upon final review of the case.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna,* 354 F.3d 776, 783 (8th Cir. 2004). In a § 2254 habeas case, discovery is governed by Rule 6 of the Rules Governing Section 2254 Cases. Under this rule, the party seeking discovery must obtain

leave of the court, which may limit discovery or deny it altogether. Rule 6, Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C.A. foll. § 2254. The movant must show good cause, provide reasons for the discovery request, describe with particularity any requested documents, and submit for review any proposed interrogatories. *Id.* In determining whether petitioner has shown good cause, the habeas court must consider the essential elements of his substantive claims and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); *see also Newton,* 354 F.3d at 783.

Petitioner has raised ten grounds for habeas relief, including that he is actually innocent (Ground 6), that the State misrepresented the evidence and allowed perjured testimony (Grounds 4 and 9), and that the State suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Grounds 5, 6, and 9).[1]

Petitioner's motion to compel discovery requests documents that were not in the record before the state court: any documents related to the victim and her older sister's complaints to the Missouri Department of Social Services; any police reports made by the victim or her sister concerning petitioner or any other adult concerning alleged abuse; an affidavit from a social worker who heard the victim's initial testimony "setting the differences in the allegations given to her by [the victim] and the [victim's] testimony at trial" in order to show that the prosecutor allowed perjured testimony; any complaints made against this social worker; the names of any people who worked on the case at the Missouri Department of Social Services; and "[a]ny and all notes, policies, directive or

---

[1] Petitioner's motion to compel discovery also references Ground 7, that his trial counsel was ineffective for failing to subpoena certain experts. (Doc. 21). Petitioner asserts that experts would have testified about the mental harm associated with sexual assault victims, about the duty of police to obtain and preserve all evidence, and that DNA from saliva or seminal fluids would be found on a victim of the crimes for which petitioner was convicted. (Doc. 1). However, none of the requested discovery is relevant to this Ground.

instructions concerning allegations of abuse by the Missouri Department of Social Services." (Doc. 21, Ex. 1). Petitioner asserts that such documents and records will demonstrate prosecutorial misconduct; that he is actually innocent, in that the victim and her sister were allegedly in the habit of "using allegations against adults to manipulate situations to their benefit;" and that the trial attorney was ineffective in failing to provide expert witnesses to counter the State's experts at trial. (Doc. 21, Ex. 1 at 6).

Petitioner also requests the appointment of expert witnesses under Federal Rule of Evidence 706(a) to inform this Court about "DNA science and child interview techniques." (Doc. 22).

In response to the Court's order to show cause, respondent claims that all of the relevant grounds (Grounds 4-7, 9) are procedurally defaulted, in that they were not raised either on direct appeal, in post-conviction motions, or in post-conviction motion appeals. (Doc. 18). Generally, the failure to present a federal habeas ground to the state court constitutes procedural default that precludes federal court review. *See Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997). Petitioner has not pled good cause and actual prejudice to overcome the default (Doc. 1 at 10, 12, 16, 18, 25), so the referenced grounds appear to be barred. If a ground is procedurally defaulted, a petitioner cannot demonstrate that full development of its facts would entitle him to habeas relief, and he cannot satisfy the Rule 6 requirement for good cause. *See Rucker v. Norris*, 563 F.3d 776, 771 (8th Cir. 2009).

Even if the grounds were not procedurally defaulted, petitioner has cited no other information the development of which would show he is entitled to habeas relief. Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. 28 U.S.C. § 2254(a). Claims that do not reach constitutional questions or that invoke only state law cannot be addressed in a petition for a writ of habeas corpus. Petitioner's assertion that he is actually innocent of the crimes for which he was convicted is not a constitutional claim, nor is it supported by

any reliable evidence, and petitioner is not entitled to review the Missouri Department of Social Services' or the Police Department's entire investigative file in an effort to uncover some evidence to substantiate his assertion.

Finally, petitioner alleges that the State knew the victim and/or her sister had a habit of making false accusations and failed to disclose that information to him in violation of *Brady*. But petitioner has failed to establish that if these facts were further developed he would be entitled to habeas relief. As such, he has failed to show good cause to believe discovery is necessary in the matter for consideration and his motions are denied.

However, petitioner's motion to compel discovery also states that the State's response to the show cause order did not include a copies of any referenced exhibits. (Doc. 21). The State has also admitted that it did not send any copies of these documents to petitioner. (Doc. 23).

For these reasons,

**IT IS HEREBY ORDERED** that petitioner's motion to compel discovery (Doc. 21) is **DENIED** in part without prejudice. It is granted insofar as the State must produce a copy to petitioner of the exhibits referenced in its response. (Docs. 18, 23).

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of experts (Doc. 22) is **DENIED** without prejudice.

The Court will reconsider petitioner's motions if, following its review of the record in this matter, it determines that an evidentiary hearing or discovery is necessary.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 13, 2017.